UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| In re:<br><br>**ROTHSTEIN ROSENFELDT ADLER, P.A.,**<br><br>   Debtor. | **CASE NO. 09-34791-RBR**<br>**CHAPTER 11** |
| **HERBERT STETTIN**, chapter 7 trustee,<br><br>   Plaintiff,<br><br>v.<br><br>**RUSSELL ADLER** and **KATIE ADLER**,<br><br>   Defendants. | **ADV. PRO. NO. 10-02612-RBR** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO TRUSTEE'S AMENDED COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS OF PROPERTY**
**(JURY TRIAL DEMANDED)**

Defendants, Russell Adler ("Adler") and Katie Adler, by and through their undersigned counsel, files *Defendants' Answer and Affirmative Defenses to Trustee's Amended Complaint to Avoid and Recover Fraudulent Transfers of Property* and responds as follows:

**JURISDICTION AND VENUE**

1. Admitted as to the nature of the action brought by the Trustee, but denied that the Trustee is entitled to any such relief.

2. Admitted.

3. Admitted that Counts 1 through VI are core proceedings, but denied as to Counts VII through X, therefore, Defendants respectfully do not consent to the entry of final orders on by the Bankruptcy Court as provided for by 28 U.S.C. § 157(c) with respect to Counts VII through X.

4. Admitted.

**PARTIES AND PROCEDURAL BACKGROUND**

5. Admitted.

6. Admitted.

7. Admitted as to the first and as to the second sentence. As to the third sentence, it is admitted that Adler received compensation and was extended various loans, but denied to the extent that any such transfers are avoidable as claimed by the Trustee.

8. Admitted as to the first sentence and as to the second sentence, if such was meant to state that "Katie Adler is the wife of Alder." If not, then Defendants do not have sufficient knowledge to respond to the second sentence and therefore, such is denied. As to the third sentence, Katie Adler admits that she executed the promissory note in favor of Rothstein Rosenfeldt Adler ("RRA") attached as Exhibit "C", but denied as to the remainder.

9. Admitted.

**GENERAL ALLEGATIONS TO ALL COUNTS**

10. Admitted.

11. Admitted.

12. Denied as to the first sentence. As to the remainder, the pleading speaks for itself.

13. Without knowledge, therefore, this allegation is denied.

14. Without knowledge, therefore, this allegation is denied.

15. Without knowledge as to when the scheme was ongoing, but admitted as to the growth of the law firm RRA. Without knowledge as to the second and third sentences.

16. Without knowledge.

17. Without knowledge as to the extent of the federal agencies investigating Rothstein. Admitted as to the second sentence.

18. Admitted.

**ALLEGATIONS SPECIFIC TO ADLER**

SLATKIN & REYNOLDS, P.A.
One East Broward Boulevard, Suite 609, Fort Lauderdale, Florida 33301 ● Telephone 954.745.5880

19. Admitted as to the first sentence but denied as to the remainder.

20. Admitted that Adler received compensation commensurate with and reasonably equivalent in value to the services rendered by Adler and that the Trustee seeks to recover some of the same, but denied to the extent that the Trustee is entitled to any such relief.

21. Admitted as to the claims made by the Trustee, but denied to the extent that the Trustee is entitled to any such relief.

22. Admitted as to Adler's gross salary for 2007, but denied as to the remainder.

23. Admitted as to Adler's gross salary for 2008 and as to the bonus received by Adler in 2008, but denied as to the remainder.

24. Admitted as to Adler's gross salary received during the first ten months of 2009, but denied as to the remainder.

25. Admitted as to the claims made by the Trustee, but denied that the Trustee is entitled to any such relief.

26. Admitted that Adler and Katie Adler made certain contributions, but without knowledge as to the remainder.

27. Without knowledge as to how any payments to Adler were classified in the books and records of RRA. As to loans made to Adler, Adler admits that certain loans were made but denies the total amount alleged by the Trustee to be owed by Adler.

28. Admitted that the Defendants obtained a total of $475,000 in loans to purchase the New York co-op and in turn executed a promissory note and mortgage in favor of RSA 11th Street, LLC for $427,500, and admitted as to the Defendants executing the promissory note attached as Exhibit "C." Adler also admits executing the authorizations attached as Exhibits "A" and "B" and that he received an increase in his annual salary for his valuable services rendered to RRA justifying the pay raise. Any remaining allegations set forth in this paragraph are denied.

29. Denied.

30. This paragraph fails to state any facts in support of the Trustee's claims and is merely descriptive, therefore, no response is necessary, but to the extent that a response is required, Defendants deny the same.

31. Admitted as to the third sentence with respect to the claims made by the Trustee, but denied as to the Trustee's entitlement thereto, as well as to the remainder of this paragraph.

**COUNT I – FRAUDULENT TRANSFERS PURSUANT TO § 548(A)(1)(A) OF THE BANKRUPTCY CODE**

32. Defendants restate and incorporate by reference their responses to paragraphs 1 through 31 as though fully set forth herein.

33. Admitted.

34. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

**COUNT II – FRAUDULENT TRANSFERS PURSUANT TO § 548(A)(1)(B)**

35. Defendants restate and incorporate by reference paragraphs 1 through 31 as though fully set forth herein.

36. Admitted.

37. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

**COUNT III – AVOIDANCE, FRAUDULENT TRANSFERS PURSUANT TO § 544 AND 726.105(1)(A) OF THE FLORIDA STATUTES**

38. Defendants restate and incorporate by reference paragraphs 1 through 31 as though fully set forth herein.

39. Admitted.

40. Denied.

41. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

**COUNT IV – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO SECTION 544 OF THE BANKRUPTCY CODE AND SECTION 726.105(1)(B) OF THE FLORIDA STATUTES**

42. Defendants restate and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

43. Admitted.

44. Denied.

45. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

**COUNT V – AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO § 544 OF THE BANKRUPTCY CODE AND SECTION 726.106(1) OF THE FLORIDA STATUTES**

46. Defendants restate and incorporate by reference paragraphs 1 through 31 as though fully set forth herein.

47. Admitted.

48. Denied.

49. Denied.

50. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

## COUNT VI – RECOVERY OF PROPERTY PURSUANT TO § 550 OF THE BANKRUPTCY CODE

51. Defendants restate and incorporate by reference paragraphs 1 through 31 as though fully set forth herein.

52. Denied.

53. Denied.

54. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

## COUNT VII – FOR BREACH OF FIDUCIARY DUTY

55. Adler restates and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

WHEREFORE, Adler respectfully requests that this Honorable Court deny the Trustee's claim for relief and grant Adler any further relief this Honorable Court deems just and proper.

## COUNT VIII – FOR DEFAULT ON PROMISSORY NOTE

60. Defendants restate and incorporate by reference paragraphs 1 through 30 as though fully set forth herein.

61. Admitted.

62. Denied.

63. The Note speaks for itself.

64. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

### COUNT IX – FOR CONSTRUCTIVE TRUST

65. Adler restates and incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

66. Without knowledge.

67. Denied.

68. Denied.

69. Denied.

WHEREFORE, Adler respectfully requests that this Honorable Court deny the Trustee's claim for relief and grant Adler any further relief this Honorable Court deems just and proper.

### COUNT X – FOR EQUITABLE LIEN

70. Defendants restate and incorporate by reference paragraphs 1-31 as though fully set forth herein.

71. Admitted.

72. Denied.

73. Denied.

74. Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court deny the Trustee's claim for relief and grant the Defendants any further relief this Honorable Court deems just and proper.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense – 11 U.S.C. § 548(c)

As to the Defendants' first affirmative defense, they, with respect to Counts I and II, respectfully assert that any transfers received by them were received in good faith and for value

to the Debtor and, therefore, Defendants may retain such transfers as provided for by 11 U.S.C. § 548(c).

### Second Affirmative Defense – Fla. Stat. § 726.109(1)

As to the Defendants' second affirmative defense, they, with respect to Count III, respectfully assert that any transfers received by them were received in good faith and for value and, therefore, Defendants may retain such transfers as provided for by Fla. Stat. § 726.109(1).

### Third Affirmative Defense – Fla. Stat. § 726.109(4)(a)

As to the Defendants' third affirmative defense, they, with respect to Counts III, IV and V, respectfully assert that any transfers received by them were received in good faith and for value to the Debtor, thus, they may retain such transfers as provided for by Fla. Stat. § 726.109(4)(a).

### Fourth Affirmative Defense – 11 U.S.C. § 550(b)(1)

As to Katie Adler's fourth affirmative defense, she, with respect to Counts I through VI, respectfully asserts that any transfers received by her were received in good faith and for value, thus, she may retain such transfers as provided for by 11 U.S.C. § 550(b)(1).

### Fifth Affirmative Defense – *In Pari Delicto*

As to the Defendants' fifth affirmative defense, they, with respect to Counts IX and X, the Defendants respectfully assert that the Trustee's claims for equitable lien and constructive trust are barred by the doctrine of *in pari delicto*.

### Sixth Affirmative Defense – Set Off

As to the Defendants' sixth affirmative defense, they, with respect to Counts IX and X, the Defendants respectfully assert that to the extent the Trustee acquires an interest in the New York apartment by virtue of an equitable lien or constructive trust, Defendants have a right of set off for any improvements made to the property or expenses incurred in preserving or maintaining the apartment.

### Seventh Affirmative Defense – Standing

As to the Defendants' seventh affirmative defense, they, with respect to all claims made by the Trustee (Counts I through X), respectfully assert that to the extent any transfers to the Defendants are recoverable in Rothstein's civil or criminal forfeiture proceedings (*United States v. Various Real Properties Purchased by or With Or On Behalf of Scott W. Rothstein*, 09-cv-61780-WJZ; and *United States of America v. Rothstein*, 09-60331-cr-JIC), the Trustee lacks standing to bring the claims made herein.

WHEREFORE, Defendants respectfully request that this Honorable Court deny all the Trustee's claims for relief (Counts I through X) and grant the Defendants any further relief this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

Defendants respectfully demand a jury trial on all issues to be tried by a jury as a matter of right.

Dated this 18th day of June 2010.

**SLATKIN & REYNOLDS, P.A.**
Attorneys for Defendants
One East Broward Boulevard, Suite 609
Fort Lauderdale, Florida 33301
Telephone 954.745.5880
Facsimile 954.745.5890
jslatkin@slatkinreynolds.com

By: /s/ Jason E. Slatkin
Jason E. Slatkin
Fla. Bar No: 040370

## Certificate of Service

I hereby certify that a true copy of the foregoing has been furnished via the Court's CM/ECF noticing system to Paul S. Singerman, Esq., singerman@bergersingerman.com; Charles H. Lichtman, Esq., clichtman@bergersingerman.com, efile@bergersingerman.com; ctarrant@bergersingerman.com; lwebster@bergersingerman.com; and Lawrence Gordich, Esq., LAG@segallgordich.com, IJG@segallgordich.com on this 18th day of June 2010.

/s/ Jason E. Slatkin
Jason E. Slatkin, Esq.